**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | |
| Melvia Clayton Usury, ) | Case No. 11-66597-pwb |
| ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| _____ | |
| Melvia Clayton Usury, ) | Adversary No.: _____ |
| ) | |
| Plaintiff/Movant, ) | |
| ) | |
| vs. ) | |
| ) | |
| DiTech Financial, LLC, ) | |
| ) | |
| Defendant/Respondent. ) | |

_____

**ADVERSARY PROCEEDING TO DETERMINE DISCHARGEABILITY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 4007 AND 11 U.S.C. § 1328(c)(1)**
_____

**Introduction**

This action is brought by the Debtor to determine the dischargeability of the Debtor's mortgage debt held by Respondent, which is secured by the Debtor's residence, and was scheduled in the Debtor's bankruptcy.

**PARTIES, JURISDICTION, AND VENUE**

1. This is a core proceeding in that it arises in and is related to the above-captioned Chapter 13 case and under Title 11 of the United States Code.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

3. Federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code. Supplemental jurisdiction of the state law claims is conferred by 28 U.S.C. § 1367.

4. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

5. The Plaintiffs in this case are debtors under Chapter 13 of Title 11 of the United States Code, case number 11-66597-pwb, which case is presently pending before this court. The Plaintiffs are hereinafter referred to as the "Plaintiffs" or the "Debtors".

6. The Defendant, DiTech Financial, LLC, (hereinafter "DiTech" and referred to as Defendant or Respondent) is a limited liability company organized and existing under the laws of the State of Georgia and can be served with process via its registered agent, C T Corporation System, at 289 South Culver Street, Lawrenceville, Georgia 30046-4805.

7. The Defendant can be and has been served with this complaint in accordance with Fed. R. Bank. P. 7004.

**FACTUAL ALLEGATIONS RELATED TO PLAINTIFFS' MORTGAGE**

8. On August 26, 2006, Plaintiff and Countrywide Home Loans, Inc. (hereinafter "Countrywide") entered into a loan transaction whereby Countrywide extended to Plaintiff a loan in the amount of $248,000.00 (the Mortgage").

9. As part of this transaction, Plaintiff executed a Note (the Note) in favor of Countrywide that set forth the terms of the Mortgage. In addition, Plaintiff contemporaneously executed a Security Deed in favor of Countrywide in Plaintiff principal residence located at 240 Sunny Hollow, McDonough, Georgia 30252-4054.

10. On or about July 1, 2008, Countrywide merged with Bank of America, N.A. (hereinafter "Bank of America"), and Bank of America took over servicing of all Countrywide accounts, including the mortgage at issue in this adversary proceeding.

11. On or about December 11, 2012, the mortgage was transferred from Bank of America to Green Tree Servicing, LLC (hereinafter "Green Tree"), as evidenced by the Assignment recorded at Deed Book 12855, Page 254, in the Superior Court of Henry County.

12. On or about August 31, 2015, Green Tree merged with DiTech, and DiTech took over servicing of all Green Tree accounts, including the mortgage at issue in this adversary proceeding.

13. The last payment under the Note comes due on or about August 26, 2036.

**FACTUAL ALLEGATIONS RELATED TO PLAINTIFF'S CHAPTER 13**

14. Debtor filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code on June 6, 2011, and an order for relief was entered commencing the case on that date ("Bankruptcy Case").

15. In the Bankruptcy Case, the Debtor scheduled Bank of America as a secured creditor holding a debt owed by the Debtor and secured by her principal residence (hereinafter referred to as the "Claim") (Doc. 1, p. 11, Sched. D).

16. Bank of America was served with notice of the commencement of Debtor's bankruptcy case and Bank of America's inclusion as a creditor by the Bankruptcy Noticing Center on June 10, 2011 (Doc. 10).

17. Debtor proposed an amended reorganization plan, hereinafter referred to as "the Plan" or "Plan" which provided for the treatment and payment of Defendant's claim in accordance with 11 U.S.C. § 1322(b)(5). (Doc. 14).

18. The Debtor's Plan, as amended, was confirmed by the Court on August 30, 2011. Defendant was served with the Order of confirmation by the Bankruptcy Noticing Center on September 1, 2011. (Docs. 18 & 19).

19. On June 23, 2017, this Court entered an Order of Discharge and the case was thereafter closed (Doc. 59).

20. Because of the applicability of 11 U.S.C. § 1322(b)(2), Debtor's Mortgage debt to Defendant is not subject to discharge pursuant to 11 U.S.C. § 1328(c)(1). *Dukes v. Suncoast Credit Union (In re Dukes),* No. 16-16513, 2018 U.S. App. LEXIS 34340 (11th Cir. Dec. 6, 2018).

21. Notwithstanding the holding in *Dukes*, there is a split of authority on the application of 11 U.S.C. § 1328(c)(1) to claims such as that held by the Defendant. See, *In re Weigel*, 485 B.R. 327 (Bankr. E.D. Va. 2012). This results in a chilling effect, post-confirmation, on the financial interactions involving the Debtor's and Defendant, as well as third-parties that evaluate their financial relationship in the analysis and extension of future credit.

22. The Debtor seeks to alleviate these negative effects by exercising her rights as set forth in Fed. R. Bankr. P. 4007(a), and obtain a determination of the dischargeability of the Mortgage debt described herein.

WHEREFORE, Plaintiff prays for an Order and Judgment holding that the claim and Mortgage debt held by Defendant as described herein was not subject to discharge per 11 U.S.C. § 1328(c)(1) and thus as not discharged by the Court's Order of June 23, 2017.

Respectfully submitted, this 21st day of December, 2018.

_____/s/_____
Matthew Berry
GA Bar No. 055663
Attorney for Debtor
BERRY AND ASSOCIATES
2751 Buford Hwy, Suite 600
Atlanta, GA 30324
(404) 235-3300
matt@mattberry.com